IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES C. JENNINGS, Jr., #Y14477, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-01302-SMY |
| | ) |
| MRS. AUSTIN, | ) |
| MRS. DEAN, | ) |
| MRS. WOODERD, | ) |
| MRS. DURHAM, | ) |
| LT. LASTER, | ) |
| LT. PHELPS | ) |
| and SARAH JOHNSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James Jennings, Jr., an inmate who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). Plaintiff claims that he was issued a false disciplinary ticket and punished with 45 days in segregation when he asked to speak with a lieutenant about the lack of water in his cell at Shawnee. (Doc. 1, pp. 4-5). He seeks monetary damages against those individuals involved in the matter. (Doc. 1, p. 6).

The Complaint is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] Plaintiff filed this action pursuant to 28 U.S.C. § 1331. However, he named state officials as the only defendants. His claims of constitutional violations by persons acting under color of state law are therefore governed by 42 U.S.C. § 1983, rather than 28 U.S.C. § 1331.

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

*Id*. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff was placed in cell 4-B-14 with no running water. (Doc. 1, pp. 4-5). He informed Officer Austin about the situation and asked to speak with a lieutenant. *Id*. At some point, Plaintiff spoke with Lieutenant Phelps about the issue. (Doc. 1, p. 10). Officer Austin threatened to place Plaintiff in segregation if he insisted on speaking with another lieutenant. (Doc. 1, pp. 4-5). When Plaintiff insisted, Officer Austin issued him a false disciplinary ticket for "demanding to go to school" on December 28, 2017. *Id*.

Plaintiff was found guilty of an unspecified rule violation at a disciplinary hearing conducted by Lieutenant Laster on or around January 2, 2018. *Id*. Lieutenant Laster never

reviewed the ticket. (Doc. 1, p. 9). The lieutenant relied on the testimony of Officer Austin and several witnesses (Officer Wooderd, Officer Dean, and Officer Durham). *Id*. However, the witnesses knew that Plaintiff "was not in the wrong." *Id*. He was nevertheless punished with 45 days in segregation and 2 months of B-grade status. *Id*. Plaintiff challenged the decision, but Administrative Review Board ("ARB") Member Sarah Johnson denied his grievance. (Doc. 1, p. 10).

Plaintiff now seeks monetary relief for unspecified violations of his constitutional rights against Officer Austin, Officer Wooderd, Officer Dean, Officer Durham, Lieutenant Laster, Lieutenant Phelps, and ARB Member Johnson. (Doc. 1, pp. 4-5, 9-10).

## Discussion

To facilitate the orderly management of future proceedings in this case and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint into the following Counts:

**Count 1 -** Defendants Austin and Phelps subjected Plaintiff to unconstitutional conditions of confinement at Shawnee when they left him in cell 4-B-14 with no running water for a week in December 2017 in violation of his rights under the Eighth Amendment.

**Count 2 -** Defendant Austin retaliated against Plaintiff for asking to speak with a lieutenant about the lack of running water in his cell by issuing him a false disciplinary ticket for demanding an education in violation of his rights under the First Amendment.

**Count 3 -** Defendants deprived Plaintiff of liberty without due process of law when they punished him with 45 days in segregation for a false disciplinary ticket on or around January 2, 2018, in violation of the Fourteenth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an

opinion regarding their merit.  **Any claim not identified above but encompassed by the allegations in the Complaint shall be considered dismissed without prejudice from this action.**

**Count 2** survives screening and is subject to further review against Officer Austin. However, **Counts 1** and **3** do not survive preliminary review against any of the defendants for the reasons discussed below.  Both of these claims shall be dismissed without prejudice.

### Count 1

Plaintiff claims that he was deprived of humane conditions of confinement when he was placed in a cell that had no running water for a week, in violation of his rights under the Eighth Amendment.  In connection with this claim, he names Officer Austin and Lieutenant Phelps.

The Eighth Amendment prohibits the cruel and unusual punishment of prisoners.  U.S. Const. amend. VIII.  Inhumane conditions of confinement run afoul of the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).  When evaluating an inmate's claim for unconstitutional conditions of confinement, the Court conducts both an objective and a subjective inquiry.  *Farmer,* 511 U.S. 825 at 834.  The objective inquiry requires the Court to consider whether the alleged deprivation is "sufficiently serious." *Id*.  The subjective inquiry requires the Court to consider whether the defendants acted with deliberate indifference. *Farmer,* 511 U.S. 825 at 837.  Deliberate indifference exists if "the official knows of and disregards an excessive risk to inmate health or safety." *Id*.

Plaintiff's allegations do not satisfy the objective component of this claim because the condition described in the Complaint does not deprive him of "the minimal civilized measure of life's necessities." *Knight v. Wiseman,* 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir. 2006); *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981).  Plaintiff

complains of a single condition, *i.e.*, a week without running water in his cell. (Doc. 1, pp. 4-5, 9-10). He alleges that the deprivation resulted in a dry mouth and a sore throat. *Id*. However, Plaintiff does not describe an absolute deprivation of water (both inside and outside of his cell), but rather limited access to it. *Id*. Standing alone, the short-term denial of water in Plaintiff's cell cannot support a conditions of confinement claim. *See, e.g., Muhammad v. Wilson,* No. 05-C-743, 2006 WL 2413710, at *2–3 (N.D. Ill. Aug. 16, 2006) (broken plumbing for seven days where Plaintiff was given three meals a day and beverages with each meal "was an inconvenience" and not a constitutional violation); *Davis v. Biller,* No. 00-C-50261, 2003 WL 22764872, at *2 (N.D. Ill. Nov. 18, 2003) (inmate has a basic right to drinking water but a dysfunctional sink alone is not necessarily cruel and unusual punishment). *But see Vinning–El v. Long,* 482 F.3d 923, 923–25 (7th Cir. 2007) (reversing summary judgment for defendant where prisoner was deprived of basic sanitation items and incarcerated for six days in a cell in which blood and feces were smeared on the walls, water covered the floor, and the sink and toilet did not work); *Johnson v. Pelker,* 891 F.2d 136, 139–40 (7th Cir. 1989) (prisoner stated an Eighth Amendment claim where he was incarcerated for three days in a cell that was smeared with human feces and had no running water); *Jones v. Dart*, No. 14-C-3208, 2015 WL 500532, at *2–3 (N.D. Ill. Feb. 4, 2015) (confinement in cell with no running water for 34 days in the absence of any working plumbing posed potential health risk resulting from the inability to wash hands before eating and arguably made cell uninhabitable).

Count 1 is subject to dismissal for failure to satisfy the objective component of this claim. Additionally, Plaintiff's allegations against Lieutenant Phelps are merely conclusory and also do not satisfy the subjective component. Accordingly, Count 1 will be dismissed against Lieutenant Phelps and Officer Austin (as well as all other individuals) without prejudice.

**Count 3**

Plaintiff claims that he was placed in segregation after being found guilty of a false disciplinary ticket, in violation of his right to due process of law under the Fourteenth Amendment. He names Officer Austin, Officer Wooderd, Officer Dean, Officer Durham, Lieutenant Laster, and ARB Member Johnson in connection with this claim.

Due process protections are not available under the Fourteenth Amendment, unless a plaintiff identifies a protected property or liberty interest that is at stake. *Meachum v. Fano*, 427 U.S 215, 223-24 (1976). A protected liberty interest arises only if the plaintiff's confinement in segregation "impose[s] an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). When making this determination, courts consider two factors: "the combined import of the duration of the segregative [sic] confinement *and* the conditions endured." *Id*. at 743 (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (emphasis in original)). In other words, a liberty interest may arise if the length of confinement in segregation is substantial and the record reveals that the conditions of confinement were unusually harsh. *Marion*, 559 F.3d at 697-98, n. 2.

In this case, Plaintiff was held in segregation for 45 days, which is not a significant period of confinement unless the conditions he endured in segregation were harsh. As Plaintiff does not describe the conditions he faced in segregation, the Court cannot assess whether the conditions were sufficiently harsh to trigger a liberty interest or due process protections. Moreover, although Plaintiff complains that he was denied sufficient notice and an opportunity to appear before an impartial hearing body to contest the charges, these procedural protections are not required if no liberty interest was at stake. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69

(1974). In the absence of allegations suggesting that Plaintiff's confinement in segregation was either significant or atypical, Count 3 will be dismissed without prejudice against Officer Austin, Officer Wooderd, Officer Dean, Officer Durham, Lieutenant Laster, and ARB Member Johnson. Lieutenant Phelps is not named in connection with this claim, but it is also considered dismissed without prejudice against him/her.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 2) shall be referred to a United States Magistrate Judge for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1** and **3** are **DISMISSED** without prejudice against the defendants for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **DEAN, WOODERD, DURHAM, LASTER, PHELPS,** and **JOHNSON** are **DISMISSED** without prejudice from this action because the Complaint fails to state a claim for relief against these defendants.

**IT IS ORDERED** that **COUNT 2** survives preliminary review and shall proceed against Defendant **AUSTIN**.

With regard to **COUNT 2**, the Clerk shall prepare for Defendant **MRS. AUSTIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require the

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on the Motion for Recruitment of Counsel (Doc. 2), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 13, 2018**

                                                         **s/ STACI M. YANDLE**
                                                         **United States District Judge**